# In the United States Court of Federal Claims

No. 00-641 C

(Filed November 24, 2008)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| STEPHEN BOYER, *et al.*, | * | |
| | * | Overtime Pay; Fair Labor Standards Act |
| *Plaintiffs*, | * | of 1938, 29 U.S.C. §§ 201-219 (2000); |
| | * | Portal-to-Portal Act of 1947, 29 U.S.C. |
| v. | * | §§ 251-62 (2000); Home to Work Travel |
| | * | Time; RCFC 12(c); Controlling |
| THE UNITED STATES, | * | Precedent. |
| | * | |
| *Defendant*. | * | |
| * * * * * * * * * * * * * | * | |

*Jules Bernstein* and *Edgar James*, Washington, D.C., for plaintiffs. *Linda Lipsett*, Washington, D.C., of counsel.

*Shalom Brilliant* with whom were *Gregory G. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Todd M. Hughes*, Deputy Director, United States Department of Justice, Washington, D.C., for defendant. *Michael J. Dierberg* and *William P. Rayel*, United States Department of Justice, Washington, D.C., of counsel.

_____

**OPINION**
_____

**BUSH**, *Judge*.

     The court has before it defendant's motion for judgment on the pleadings, relying on Rule 12(c) of the Rules of the United States Court of Federal Claims (RCFC). This motion has been fully briefed. Oral argument was held on November 14, 2008. For the reasons described below, defendant's motion is granted.

**BACKGROUND**

The twenty-two plaintiffs in this case worked as Marine Enforcement Officers (MEOs), occupational series 1801, grades GS 9 through GS 12, for the United States Customs Service and/or its successor agency, Customs and Border Protection, Department of Homeland Security (Customs). Pls.' Opp. at 1; Def.'s Mot. at 2. Like many federal law enforcement officer-plaintiffs pursuing overtime pay claims in indirectly related cases in this court under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (2000) (FLSA), these plaintiffs settled their overtime pay claims related to a prior classification as FLSA-exempt employees but reserved their right to litigate additional overtime pay claims for time solely spent driving to and from work in government-issued vehicles. *See* March 21, 2007 Stipulation of Partial Dismissal ("The partial settlement agreement does not cover plaintiffs' FLSA claims for the time solely spent driving a Government vehicle between home and work."). The complaint here contains only one factual allegation relevant to plaintiffs' driving time overtime pay claims: "Defendant . . . ha[s] at least from 1994 and continuing to date . . . withheld overtime compensation due plaintiffs . . . for hours worked in excess of forty each week [including] hours . . . plaintiffs . . . work[ed] without pay[] . . . including travel . . . performed by plaintiffs on defendant's behalf." Compl. ¶ 12; *see* Pls.' Opp. at 3 ("Plaintiffs believe that the [complaint's] reference to 'travel,' satisfies any need for further elaboration of the nature of their driving claims at this preliminary stage of this proceeding.").

## DISCUSSION

**I.      Standard of Review for Judgment on the Pleadings**

When this court considers defendant's "motion for judgment on the pleadings, each of the well-pled allegations in the complaint[] is assumed to be correct, and the court must indulge all reasonable inferences in favor of the plaintiffs." *Atlas Corp. v. United States*, 895 F.2d 745, 749 (Fed. Cir. 1990) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988)). The court applies substantially the same test as it does for a motion to dismiss for failure to state a claim under RCFC 12(b)(6). *See Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) ("A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss.") (citing *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir. 2007)); *Guidry v.*

*Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ("The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.") (citation omitted); *Peterson v. United States*, 68 Fed. Cl. 773, 776 (2005) ("The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss [under RCFC 12(b)(6)]."); *see also Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 823 F.2d 490, 492 (Fed. Cir. 1987) (reviewing a judgment "granted only upon the pleadings" by the same standard as that governing the disposition of a motion to dismiss).  "Factual allegations [by the plaintiffs] must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted); *see also Perez-Acevedo*, 520 F.3d at 29; *Guidry*, 512 F.3d at 180.  Plaintiffs must go beyond "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 127 S. Ct. at 1965.[1] "[T]he court should only grant a defendant's motion for judgment on the pleadings if the defendant is clearly entitled to judgment on the basis of the facts as the plaintiff has presented them."[2] *Owen*, 851 F.2d at 1407.

---

[1]/ Plaintiffs at oral argument cited to *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), in support of the contention that their complaint was pled well enough to survive a Rule 12(c) challenge. *Erickson* does indeed state that "[s]pecific facts are not necessary" in a complaint if other conditions are met. 127 S. Ct. at 2200. However, *Erickson* also cites *Bell Atlantic* favorably and the court understands Supreme Court precedent to reflect the holdings of both *Bell Atlantic* and *Erickson*. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) ("'We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.'" (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008))); *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (examining *Erickson* and *Bell Atlantic* and concluding that "we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*"), *cert. granted sub nom. Ashcroft v. Iqbal*, 128 S. Ct. 2931 (June 16, 2008) (No. 07-1015). Because *Bell Atlantic* gives far more extensive treatment to the issue, the court necessarily relies on that decision for its more specific guidance as to when this court should dismiss a complaint for failure to state a claim, keeping in mind, however, the cautionary note sounded by *Erickson*.

[2]/ The standard of review for motions for judgment on the pleadings has had a variety of articulations. A seminal Court of Claims case announced that "[a] motion for judgment on the pleadings should be denied unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim." *Branning v. United*

(continued...)

3

After according all reasonable inferences to the factual allegations of the complaint, "[j]udgment on the pleadings . . . is appropriate where there are no material facts in dispute and the [movant] is entitled to judgment as a matter of law." *New Zealand Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994) (citing *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)); *see Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) ("A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007))). A party may present facts outside of the pleadings when bringing or resisting a motion for judgment on the pleadings; upon consideration of these materials the court would then treat the motion as one for summary judgment under RCFC 56. RCFC 12(d). Here, however, neither party has submitted extra-pleadings materials, and the principles and standards governing summary judgment are not applicable.

## II.   Analysis Summary

This case hinges on two questions related to *Adams v. United States*, 471 F.3d 1321 (Fed. Cir. 2006) (*Adams II*), a precedential decision of the United States

---

[2](...continued)
*States*, 215 Ct. Cl. 949, 950 (1977) (citations omitted). *Branning*, this court has suggested, relied on a standard which can be attributed to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See J.M. Huber Corp. v. United States*, 27 Fed. Cl. 659, 662 n.2 (1993) (noting that "[t]he provenance of the *Branning* standard, although not traceable to the cases cited, is legitimate" because it is reflective of the *Conley* standard). The standard articulated in *Branning* must be harmonized with the Supreme Court's recent articulation of the standard governing Rule 12(b)(6) dismissals in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In the words of the Supreme Court, the "no set of facts" language of *Conley*, 335 U.S. at 45, "has earned its retirement." *Bell Atlantic*, 127 S. Ct. at 1969; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007) (noting that *Bell Atlantic* "discusses and clarifies a phrase from its earlier opinion in *Conley*"). The Federal Circuit, relying on *Branning*, has stated that "the court should only grant a defendant's motion for judgment on the pleadings if the defendant is clearly entitled to judgment on the basis of the facts as the plaintiff has presented them." *Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988). This statement in *Owen* appears to properly carry forth existing Court of Claims precedent and to be in harmony with the Rule 12(b)(6) standard set forth in *Bell Atlantic*.

Court of Appeals for the Federal Circuit which relied heavily on another Federal Circuit decision, *Bobo v. United States*, 136 F.3d 1465 (Fed. Cir. 1998).  *See Adams II*, 471 F.3d at 1328 (noting that "the holding in *Bobo* controls the legal conclusion in this case").  The first question is whether *Adams II* remains good law.  The second question is whether the facts of this case, as presented by plaintiffs and to which all reasonable inferences have been given, are indistinguishable from those in *Adams II*.  The answer to both questions is yes.

Four judges of this court have recently held that *Adams II* is good law and that the driving time claims in the cases before them were indistinguishable from those decided in *Adams II*.[3]  *See Forbes v. United States*, 84 Fed. Cl. 319, 326 (2008) (stating that "the underlying factual predicates of the driving claims [in *Forbes*] are sufficiently similar to justify applying the standard articulated in *Adams* [*II*] and *Bobo* as binding precedent"); *Morgan v. United States*, 2008 WL 4636179, at *9 (Fed. Cl. 2008) ("The material facts in [*Morgan*] . . . are virtually identical to the material facts in *Adams II*.  *Adams II* is binding precedent on this Court, and the outcome here is controlled by the decision of the Federal Circuit in that case."); *Redd v. United States*, 83 Fed. Cl. 589, 594 (2008) (granting judgment on the pleadings to defendant because "plaintiffs ha[d] failed to distinguish the facts in [*Redd*] from the facts of *Bobo* and *Adams II*"); *Easter v. United States*, 83 Fed. Cl. 236, 250 (2008) ("Because the facts of [*Easter*] are substantially identical to those in *Adams II*, and because there has been no change in the applicable law governing what constitutes 'time worked' under the FLSA, this court follows the Federal Circuit precedent as to whether the FLSA requires employees to be compensated for driving between home and work in a government-owned vehicle."), *appeal docketed*, No. 2008-5187 (Fed. Cir. Sept. 30, 2008).  Almost all of the major arguments presented by the parties in *Forbes*, *Morgan*, *Redd* and *Easter* are before the court in the subject matter.  The holdings in these cases, although not binding precedent, are persuasive.

### III.    *Adams II* and *Bobo* Remain Good Law

As this court stated in *Morgan*, the Federal Circuit examined and denied the driving time overtime pay claims of federal law enforcement officers in *Adams II*

---

[3]/  As in this case, the plaintiffs were represented by Mr. Bernstein, who opposed motions for judgment on the pleadings brought by Mr. Brilliant, defendant's counsel.

because the commutes of those plaintiffs did not constitute compensable work:

> In *Adams II*, the Federal Circuit affirmed the trial court's holding that time spent by law enforcement officers driving to and from work in government-owned police vehicles was not compensable under the FLSA. *Adams II*, 471 F.3d at 1323. The *Adams II* plaintiffs were required as a condition of their employment to commute from home to work in government-owned police vehicles in order to be available for emergency calls. During the commute they were required to monitor their vehicles' radios and have access to their weapons and other law-enforcement-related equipment. *Id.* The Federal Circuit explained that the Portal-to-Portal Act of 1947 clarified that the FLSA does not provide compensation to employees merely for commuting in a government-owned vehicle. *Adams II*, 471 F.3d at 1325; Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262). That is, "the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the time spent driving." *Adams II*, 471 F.3d at 1325. In addition, the amount of this additional work must be more than *de minimis* to be compensable. *Id.* at 1327 (citing *Bobo v. United States*, 136 F.3d 1465 (Fed. Cir. 1998)). The Federal Circuit found that the additional requirements placed upon the *Adams II* plaintiffs beyond "the mere act of driving" were *de minimis* and therefore plaintiffs' claims for compensation were properly denied. *Id.* at 1328.

*Morgan*, 2008 WL 4636179, at *2. The appellants in *Adams II* were not granted rehearing or rehearing en banc by the Federal Circuit, *Adams v. United States*, 219 Fed. Appx. 993 (Fed. Cir. Mar. 14, 2007), nor was certiorari granted by the Supreme Court, *Adams v. United States*, 128 S. Ct. 866 (Jan. 7, 2008) (No. 07-116). For this court to disregard *Adams II* (and *Bobo*, upon which the *Adams II* panel relied) as controlling precedent, plaintiffs must convince the court that this court is no longer bound by *Adams II*.

As the Federal Circuit has reminded this court,

> the Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court.  Trial courts are not free to make the law anew simply because they disagree with the precedential and authoritative analysis of a reviewing appellate court.

*Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005).  Thus, even if this court believed that *Adams II* was wrongly decided, which it does not, it is not free to revisit the issues decided in *Adams II*.  "There are two narrow exceptions [to this rule]:  if the circuit's precedent is expressly overruled by statute or by a subsequent Supreme Court decision."  *Strickland v. United States*, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005) (citing *Bankers Trust N.Y. Corp. v. United States*, 225 F.3d 1368, 1372 (Fed. Cir. 2000)).  None of plaintiffs' arguments fit within the narrow exceptions mentioned in *Strickland* which would allow this court to disregard *Adams II* and *Bobo*.[4]

### A.   Subsequent Supreme Court Decision Not on Point

Plaintiffs rely on only one Supreme Court opinion issued after the Federal Circuit decided *Adams II*.[5]  That decision is *Long Island Care at Home, Ltd. v.*

---

[4] To the extent that plaintiffs rely on caselaw from other circuits, *see* Pls.' Opp. at 7-17, this court is powerless to rebut controlling precedent with that authority.

[5] Plaintiffs argue that *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005) (*National Cable*), permits this court to disregard *Adams II* and to deny defendant's motion.  Pls.' Opp. at 1, 4-14, 21.  *National Cable* was decided on June 27, 2005, ten months before the appellants, represented by Mr. Bernstein, filed their first brief in *Adams II*, and a year and a half before the Federal Circuit decided *Adams II*.  Appellants cited to another Supreme Court case decided after *National Cable*, *see* Brief for Plaintiffs-Appellants at *viii, *Adams II* (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005)), but failed to bring *National Cable* to the attention of the Federal Circuit.  *National Cable* cannot be construed to be a "subsequent Supreme Court decision," *Strickland*, 423 F.3d at 1338 n.3, justifying the rejection of controlling Federal Circuit precedent, and will not be discussed in this opinion.  To the extent
(continued...)

*Coke*, 127 S. Ct. 2339 (2007) (*Coke*). Four judges of this court have ruled that *Coke* has no impact on the precedential value of *Adams II*. This court agrees, in part, for the reasons expressed in those cases. *See Forbes*, 84 Fed. Cl. at 324 (noting that "Forbes has failed to demonstrate that recent decisions by the Supreme Court have changed the legal landscape in a way that calls into question the Federal Circuit's decisions in *Adams* [*II*] and *Bobo*"); *Morgan*, 2008 WL 4636179, at *9 (distinguishing the issues in *Coke* from the issues in both *Adams II* and *Bobo*); *Redd*, 83 Fed. Cl. at 593 (noting that *Coke* dealt with the interpretation of a statutory term not at issue in driving time claims); *Easter*, 83 Fed. Cl. at 246 (stating that because *Coke* involved a regulation not at issue in *Adams II*, *Coke* has no bearing on the issues decided in *Adams II*).

A more fundamental flaw with plaintiffs' reliance on *Coke* is that *Coke* did not expressly overrule *Adams II*. This court may not ignore controlling precedent of the Federal Circuit unless the Supreme Court expressly overrules that precedent. *Strickland*, 423 F.3d at 1338. *Coke* did not discuss, even in *dicta*, driving time claims or the Portal-to-Portal Act, and did not discuss *Adams II* or *Bobo*, or any of the cases upon which the Federal Circuit relied for its holdings in those two decisions. *Coke* thus cannot have expressly overruled *Adams II* or *Bobo*, and these two cases remain good law and binding on this court.

### B. No Statutory or Regulatory Changes

Plaintiffs have not alleged that there have been any changes to FLSA relevant to the driving time issue since *Adams II* was decided, and the court is aware of none. Thus, the second narrow exception permitting this court to ignore Federal Circuit precedent is unavailable to plaintiffs. *Strickland*, 423 F.3d at 1338 n.3 (allowing this court to disregard Federal Circuit precedent "expressly overruled by statute"). Even if the court were permitted to ignore Federal Circuit precedent in light of subsequent regulatory changes, *compare Bankers Trust*, 225 F.3d at 1376 (stating that the Federal Circuit does "not give the IRS or any executive

---

[5](...continued)
that *National Cable* could be considered to have some relevance to the motion before the court, the court endorses the analyses in *Forbes*, *Morgan*, *Redd* and *Easter*, which persuasively conclude that *Adams II* does not offend Supreme Court precedent already established in *National Cable*.

branch agency the power to overrule an established statutory construction of the court – a power that, with regard to our prior precedents, even a later panel of this court lacks"), *with Tunik v. Merit Sys. Prot. Bd.*, 407 F.3d 1326, 1338 (Fed. Cir. 2005) (holding that in some circumstances the Federal Circuit may approve of subsequent regulatory interpretation that contravenes its existing precedent) (citation omitted), plaintiffs have not pointed to any regulatory changes which have occurred since *Adams II* was decided. For these reasons, as well, the court concludes that *Adams II* and *Bobo* remain binding on this court.[6]

### C. No Conflict in Federal Circuit Precedent

Plaintiffs suggest that *Adams II* is in conflict with earlier Federal Circuit precedent announced in *Billings v. United States*, 322 F.3d 1328 (Fed. Cir. 2003). Pls.' Opp. at 18-20. In the court's view, however, *Billings* and *Adams II* are not in direct opposition and there is no need for the court to attempt to resolve a troubling conflict in controlling precedent. *Billings* did not decide a driving time claim, and the appellants in *Adams II* did not bother to cite that case in their briefs before the Federal Circuit.

*Billings* merely applies the venerable principle that courts must question differences in Department of Labor (DOL) and Office of Personnel Management (OPM) regulations interpreting FLSA. *See, e.g.*, *Billings*, 322 F.3d at 1334 (determining "whether the OPM interpretation of [a FLSA provision] is reasonable, as well as whether any difference between OPM's interpretation and the Labor Department standard is required to effectuate the consistency of application of the provision to both federal and non-federal employees") (citing *Zumerling v. Devine*, 769 F.2d 745, 750 (Fed. Cir. 1985)). The Federal Circuit in *Adams II* and *Bobo* considered OPM and DOL regulations that were cited in the appellants' briefs as being pertinent to FLSA driving time claims. This court must presume that the Federal Circuit was aware of relevant precedent in this circuit. Nonetheless, plaintiffs now argue that "[t]he incompatibility of the Federal Circuit's rule in *Adams* [*II*] with DOL's construction of the FLSA is clear." Pls.' Opp. at 20. This court cannot disregard *Adams II* simply because plaintiffs believe

---

[6]/ The court cannot consider alternative interpretations of the law governing driving time claims that conflict with *Adams II* and *Bobo*. Even if the court had the power to consider plaintiffs' argument that greater deference is due certain regulations, those arguments would fail for the reasons set forth in *Forbes*, *Morgan*, *Redd* and *Easter*.

9

that *Adams II* was wrongly decided.

Here, the court has controlling precedent directly on point in *Adams II*. *Billings* does not outweigh *Adams II* as precedent, because it does not address driving time overtime pay claims and it contains no statements of law that contradict the holding in *Adams II*. Even if the court saw some conflict between *Billings* and *Adams II*, which it does not, that same conflict would exist between *Bobo* and *Billings*. *Bobo* predates *Billings* and would control in the instance of a direct conflict in statutory interpretation. *See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *in banc*. Where there is direct conflict, the precedential decision is the first.") (citation omitted). Like the judges in *Forbes*, *Morgan*, *Redd* and *Easter*, the undersigned finds nothing in *Billings* that challenges the precedential authority of *Adams II*.

## IV.  Indistinguishable Facts

The more compelling question here is whether the facts before the Federal Circuit in *Adams II* are indistinguishable from those in this case. Defendant contends that they are, because plaintiffs' claims here are for the time federal law enforcement officers spent driving government vehicles to and from work, the same type of claims that were litigated in *Adams II* and *Bobo*. Def.'s Mot. at 7 (stating that "plaintiffs cannot distinguish their driving claim from those adjudicated in *Bobo* and *Adams* [*II*]"). Plaintiffs, on the other hand, hardly attempt to distinguish this case from *Adams II* or *Bobo*. *See* Pls.' Opp. at 1 (including a cryptic reference to "distinguishing facts" in their argument summary); *id.* at 2 (noting that "driving by plaintiffs involves duties not litigated in *Adams* [*II*] and *Bobo*" but failing to identify any duties which are different). Plaintiffs did not oppose defendant's motion by attaching or referencing any materials which would identify a single factual distinction between the commutes of the plaintiffs-appellants in *Adams II* and *Bobo*, and the commutes at issue in this case.

Rather than relying on distinguishing facts established through the submission of affidavits or declarations, at oral argument plaintiffs suggested that summary judgment procedures would be required to resolve the driving time claims in this case. Put another way, plaintiffs contend that a RCFC 12(c) motion cannot resolve the dispute between the parties. The court agrees that summary

judgment motions are one means of deciding the driving time claims in this case, but believes that RCFC 12(c), in the circumstances of this litigation, also permits adjudication of plaintiffs' remaining claims.[7]

### A.   The *Adams II* and *Bobo* Commutes

As described by this court in *Adams v. United States*, 65 Fed. Cl. 217 (2005) (*Adams I*), three groups of federal law enforcement officer-plaintiffs, at a variety of agencies, sued for overtime pay for their commutes:

> The first group of plaintiffs were United States Secret Service (USSS) employees, working in "occupational codes 080 and 391 [as] non-supervisory GS-9s and 11s, and occupational codes 072 and 1397 [as] non-supervisory GS-9s."  The second group of plaintiffs were United States Customs Service (USCS) employees, working in "occupational code 1801, Marine Enforcement Officers, GS-9 through GS-11.". . .  The third group of plaintiffs . . . were employed at the Bureau of Alcohol, Tobacco and Firearms (BATF), USCS, the Drug Enforcement Administration (DEA), Internal Revenue Service-Criminal Investigation Division (IRS-CID) and USSS in occupational series 1811 at grade GS-12 . . . .

---

[7]/ In *Forbes*, *Morgan*, *Redd* and *Easter*, the result has been exactly the same, whether summary judgment or judgment on the pleadings was granted to defendant.  The driving time claims of the federal law enforcement officer-plaintiffs were dismissed because their commutes were materially indistinguishable from the commutes in *Adams II* and *Bobo*.  *See supra* Discussion Section II of this opinion.  The court notes that there is significant overlap between the jobs held by the plaintiffs in *Easter*, a case decided on summary judgment, and the jobs held by plaintiffs in this case.  *See Easter*, 83 Fed. Cl. at 237 (describing the jobs held by plaintiffs in that case at the Bureau of Alcohol, Tobacco and Firearms (BATF), Customs and the Secret Service).  The complaint and briefing on defendant's motion for judgment on the pleadings in *Easter* show that most of the *Easter* plaintiffs had occupational series 1801 criminal investigator positions at BATF and Customs, and that one had an occupational series 391 telecommunications specialist position at the Secret Service.  There is no plausible reason before the court to distinguish the commutes of the *Easter* plaintiffs from the commutes at issue in this case, or from the commutes at issue in *Adams II*.  *See infra*.

*Adams I*, 65 Fed. Cl. at 219 (citations omitted).  Their claims for overtime pay for time spent driving to and from work were rejected by the Federal Circuit.  In *Bobo*, the plaintiffs were Immigration and Naturalization Service (INS) Border Patrol dog handlers who drove specially equipped vehicles to and from work with the dogs inside, because the dogs resided at the homes of their handlers.  136 F.3d at 1466-67.  The claims of the *Bobo* plaintiffs for overtime pay for their commutes were also rejected by the Federal Circuit.

### B. Facts Presented by Plaintiffs

All that the court can discern from the pleadings is that the plaintiffs in this case worked for Customs as Marine Enforcement Officers, and that they claim to have worked excess hours due to "travel . . . on defendant's behalf."  Compl. ¶¶ 1, 12.  According these factual allegations all reasonable inferences, *Atlas Corporation*, 895 F.2d at 749, the court concludes that plaintiffs' claim for "travel" pay represents a claim by Marine Enforcement Officers for overtime pay for their commuting time in government vehicles.  Plaintiffs also allege that they may not "engag[e] in personal activities [while commuting] that might benefit the plaintiffs."  Pls.' Opp. at 17.  No further factual allegations have been presented in the complaint or plaintiffs' opposition to defendant's motion for judgment on the pleadings.

### C. Indistinguishable Material Facts

The commutes at issue in this case are substantially the same as the commutes of Marine Enforcement Officers that were reviewed in *Adams I* and *Adams II*.[8]  Overtime pay claims based on MEO commutes were found to be non-compensable under FLSA in *Adams II*.  As explained further below, these plaintiffs have failed to state a claim upon which relief may be granted under the controlling

---

[8]/ It is unclear whether there is a perfect overlap in pay grades and occupational codes between the *Adams I* MEO plaintiffs and the MEO plaintiffs here.  It is clear, however, that the commutes in this suit are of the same type as the commutes considered in *Adams I* and *Adams II*. That type of commute is characterized by "driving time which consists solely of transporting the employee, automobile and work-related equipment from home to work and work to home."  *Adams I*, 65 Fed. Cl. at 233.

law of this circuit, and dismissal is warranted under RCFC 12(c).[9]  *See Bell Atlantic*, 127 S. Ct. at 1965 ("Factual allegations [by plaintiffs] must be enough to raise a right to relief above the speculative level [to avoid dismissal under Rule 12(b)(6)], on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted); *Peterson*, 68 Fed. Cl. at 776 (stating that the same standard applies to RCFC 12(b)(6) and RCFC 12(c) motions).

If plaintiffs, represented by counsel who also represented plaintiffs-appellants in *Adams II*, had wished to secure a more thorough review of their driving time claims in hopes of revealing factual distinctions between this case and *Adams II*, procedural avenues were available to them.  These included, at a minimum, attaching declarations or affidavits to their opposition brief in order to raise issues of material fact concerning the commutes of these plaintiffs, under RCFC 12(d), or cross-moving for partial summary judgment as to their driving time claims, under RCFC 56.  *Bobo* and *Adams II* have clearly rejected the commuting time overtime pay claims of federal law enforcement officers, absent more than *de minimis* burdens on those commutes.  Plaintiffs created no material issue of fact in their complaint, and again failed to do so in response to defendant's motion – their commutes, after according all reasonable inferences to the minimal facts presented by plaintiffs, are indistinguishable from the commutes in *Adams II*. *See Redd*, 83 Fed. Cl. at 593 ("Here, too, [Drug Enforcement Administration] plaintiffs fail to identify significant differences between the activities performed by

---

[9]/  The court acknowledges that this case, and several indirectly related cases, are in an unusual posture because of extensive settlement activities and the Federal Circuit's opinion in *Adams II*.  Because *Adams II* clearly rejected driving time claims of Marine Enforcement Officers working at Customs in claims set forth in complaints almost identical to the complaint in this case, plaintiffs were on notice that factual distinctions between the commutes of plaintiffs in this case and those discussed in *Adams II* would be of pre-eminent concern to the court.  Plaintiffs' failure to address that concern in any meaningful way through the procedures available to them compels the dismissal of their driving time claims.  Under different circumstances, a RCFC 12(c) motion might be an inappropriate vehicle for the resolution of such a dispute, for example, with respect to a *pro se* litigant's pleadings.  *See Erickson*, 127 S. Ct. at 2200 (noting that a complaint need not contain "[s]pecific facts," and that dismissal of the *pro se* complaint in that suit was unwarranted for a number of reasons, including the fact that the *pro se* plaintiff had "bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings"); *McZeal*, 501 F.3d at 1356 ("Where, as here, a party appeared *pro se* before the trial court, the reviewing court may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements.").  In this case, plaintiffs are clearly represented by most able and experienced counsel.

plaintiffs in the instant case and those involved in *Bobo* and *Adams*. Nor is the job classification in this case materially different from that involved in *Adams* and *Bobo*. As binding precedent from the Federal Circuit, *Adams* [*II*] and *Bobo* must operate as binding precedent in this case.").

The *Adams II* panel reviewed the driving time claims of a wide variety of federal law enforcement officers and described their commutes as follows:

> The plaintiffs are issued government-owned police vehicles and required as a condition of their employment to commute from home to work in those vehicles. This requirement facilitates their employers' law enforcement missions, since the cars will be available to the officers for rapid response to emergency calls at any time, whether the officers are at home or proceeding on their commutes. The officers' time is not entirely their own during their commutes: they are required to have their weapons and other law enforcement-related equipment and to have on and monitor their vehicles' communication equipment. They are not allowed to run any personal errands in their government vehicles, so their commute must proceed directly from home to work and back again without unauthorized detours or stops.

471 F.3d at 1323 (footnote omitted). The Federal Circuit held that all of the burdens on these commutes, including restrictions on the personal use of the vehicles, were *de minimis* and that these commutes were non-compensable. *Id.* at 1328. As this court stated in *Adams I*, "when all favorable factual inferences are given [these federal law enforcement officer] plaintiffs, the burdens here are, if anything, less onerous than transporting a dog in a portable kennel, as was the case in *Bobo*." 65 Fed. Cl. at 241. The Federal Circuit affirmed:

> *Bobo* is not identical but very similar to the case before us. The primary difference between the commuting conditions in *Bobo* and those in this case militates against plaintiffs, who do not make uncompensated dog-walking stops. Under the Portal-to-Portal Act, plaintiffs' driving time is not compensable.

*Adams II*, 471 F.3d at 1327.  Thus, *Bobo*, as interpreted by the Federal Circuit in *Adams II*, sets a bar below which commuting time is non-compensable.

Under the standard of *Bobo* and *Adams II*, unless a federal law enforcement officer has burdens on his commute in a government vehicle greater than those of the Border Patrol dog-handlers, his driving time is, as a matter of law, non-compensable.  The driving time claims in the subject matter fall into the class of commutes that were reviewed in *Adams II* and that were determined to be less onerous than the commutes in *Bobo*.   Plaintiffs have failed to allege that they have a plausible right to overtime pay for their commutes.  *See Bell Atlantic*, 127 S. Ct. at 1968 (noting "the requirement of [a pleading's] plausibility").  In addition, plaintiffs' allegations do not give rise to disputed, material issues of fact.  *See New Zealand Lamb*, 40 F.3d at 380 (stating that "[j]udgment on the pleadings . . . is appropriate where there are no material facts in dispute and the [movant] is entitled to judgment as a matter of law").  Because defendant is entitled to judgment as a matter of law and there are no material facts in dispute, the court grants defendant's Rule 12(c) motion.  *Accord Forbes*, 84 Fed. Cl. at 326 (dismissing Forbes' driving time claim on cross-motions for summary judgment because "Forbes has failed to identify significant differences between the nature of her commute and the commutes at issue in *Adams* and *Bobo*"); *Morgan*, 2008 WL 4636179, at *4 (stating that because Morgan "has not, in his complaint or elsewhere in the record, alleged or established any facts specifically related to requirements and restrictions applicable to his personal situation[,] . . . [his] drive-time claim should be dismissed pursuant to Rule 12(c)"); *Redd*, 83 Fed. Cl. at 594 (granting judgment on the pleadings under RCFC 12(c) to defendant because the "plaintiffs ha[d] failed to distinguish the facts in [*Redd*] from the facts of *Bobo* and *Adams II*"); *Easter*, 83 Fed. Cl. at 250 (granting summary judgment to defendant on the plaintiffs' driving time claims "[b]ecause the facts of [*Easter*] are substantially identical to those in *Adams II*, and because there has been no change in the applicable law governing what constitutes 'time worked' under the FLSA").

## CONCLUSION

For these reasons, it is hereby **ORDERED** that:

(1)   Defendant's Motion for Judgment on the Pleadings, filed June 19, 2008, is **GRANTED**;

15

(2) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the remaining claims in this case, with prejudice; and

(3) Each party shall bear its own costs.

/s/Lynn J. Bush  
LYNN J. BUSH  
Judge